# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **HOWARD WELSH** : | |
| Plaintiff, : | Civil Action N. 19-2121 (RC) |
| v. : | |
| **UNITED STATES DEPARTMENT** : **OF JUSTICE, et al.** : | |
| Defendants. : | |

# PLAINTIFF'S MOTION FOR CASE MANAGEMENT CONFERENCE

Plaintiff Howard Welsh, pro se hereby moves this court for a case management conference for the purpose of expediting settlement/disposition of this matter.

Respectfully submitted,

By: /s/ _____
Howard Welsh, Reg. No. 56963-083
C. I. Giles Dalby
805 North Ave. F
Post, TX 79356

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD WELSH | : |
| Plaintiff, | : Civil Action N. 19-2121 (RC) |
| v. | : |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT
PLAINTIFF'S MOTION FOR CASE MANAGEMENT CONFERENCE**

Trial in this case has yet to be anticipated due to the Government's Renewed Motion for Summary Judgment and Reply in Support, and Welsh's Motion for Leave to Amend FOIA Complaint and Sur-reply in response. It appears the parties are at a standstill, yet both desiring for this matter to be resolved in a manner that is mutually satisfactory and economically and judicially expedient.

From Welsh's perspective, as a matter of law, the United States Attorneys and Assistant United States Attorneys were not constitutionally appointed in conformity with Art. II Sec. 2 cl.2, nor as proscribed by 28 USC §§ 541, 542. The most recent in a long line of Appointment Clause cases, **US v. Arthrex, Inc**., 594 US \_\_\_\_\_ June 21, 2021 (*slip op*.) affirms Welsh's perspective. The **Arthrex** majority held that Patent and Trademark Appeals Board ("PTAB") inter partes

judges ("APJ") were principle officers who had not been appointed in conformity with the Constitution, and whose decisions were final. The remedy for this was to relegate their status to inferior officers, whose inter partes decisions can then be reviewed by the Director, stating, "[o]nly an officer properly appointed to a principal office may issue a final decision binding the Executive Branch in the proceeding before us.", (pg. 23), applying the reasoning that deeming APJs to be inferior officers obviates their unconstitutional appointment, and renders their decisions reviewable by a constitutionally appointed principle, the Director in this case, thereby redefining the problem from unconstitutional appointment to unconstitutional restriction of the principle's review authority.  It is this holding, pertaining far more to the remedy than the problem, that gave rise to three dissents, in part. This remedy is inapplicable to Welsh's action, as it is undisputed that US Attorneys are principle or superior officers who must be appointed by the President with the consent of the Senate, and Assistant US Attorneys are inferior officers, appointed by the Attorney General.

  The Government's FOIA production, once compelled by court order, proves that not one US Attorney or Assistant US Attorney who prosecuted Welsh was constitutionally appointed. The Government has never disputed this conclusion. Rather, the Government has focused strictly and narrowly to the FOIA and, having met its duty to conduct a thorough and complete search for documents responsive

to Welsh's request, albeit only when Welsh sought judicial intervention, seeks disposition of Welsh's "FOIA Complaint" by summary judgment.

Having established the prosecutors' unconstitutional appointments, Welsh has shifted his focus to the remedy, and seeks leave to amend his complaint to a *Bivens* action, as there is no other remedy available. It is in the remedy that a case management conference could facilitate cost-effective and mutually satisfactory resolution.

Pursuant to Fed. R. Civ. Proc., ("FRCP"), 16, a pretrial conference may be conducted to "establish[] early and continuing control so that the case will not be protracted because of lack of management"; expedit[e] disposition of the action; and, facilitate[e] settlement. FRCP 16 (a)(1)(2) and (5).

Through a Rule 16 conference, "the court may consider and take appropriate action on the following matters:

> (A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;
> (B) amending the pleadings if necessary or desirable;
> (C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence".

FRCP 16(c)(2)(A-C).

Welsh, having had his liberty, and that of 1200 fellowship corporations restrained for nearing 17 years by employees of the United States Department of Justice of the Executive Branch who possessed no authority to bring and prosecute

3

criminal charges against Welsh, has informed the Government of his desire to resolve this matter, and his terms and conditions for such resolution. ECF 25. The Government has not acknowledged nor engaged in any discussion with Welsh as to the remedy for this egregious trespass on the constitutional appointment authority. Welsh welcomes such a discussion, even if under seal including any matters agreed upon, and believes a pretrial conference is the reasonable and efficient mechanism to resolve the present impasse.

    Welsh believes the unconstitutional appointment of US Attorneys and Assistant US Attorneys is one of first impression as he has found no case, with his limited access to legal research resources, of Appointment Clause cases involving other than judges. That does not mean that all US Attorneys and Assistant US Attorneys are constitutionally appointed. A more reasonable inference is that settlement was achieved privately to prevent a plethora of FOIA requests for appointment affidavits being brought by any and every federal felon, whether incarcerated or not, who becomes aware of this issue.

                                            Respectfully submitted,
By:  /s/ _____
       Howard Welsh, Reg. No. 56963-083
       C. I. Giles Dalby
       805 North Ave. F
       Post, TX 79356

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Motion for Case Management Conference and Memorandum of Law in Support has been served on the US Attorney's Office for the District of Columbia <u>555 4th Street NW Washington DC 20530</u>, by email at <u>Paul.Cirino@usdoj.gov</u> on this 3rd day of August 2021.

*/s/ C. Taylor*
_____