UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOWARD WELSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-2121 (RC) |
| | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending in this action brought under the Freedom of Information Act (FOIA) is Defendants' Renewed Motion for Summary Judgment on the remaining search issue. *See* Mem. Op. and Order ("Mem. Op. 1"), ECF No. 27 at 8-10 (discussing evidentiary shortcomings). In response, plaintiff concedes that the government has fully satisfied its FOIA obligations and is entitled to summary judgment but nevertheless seeks leave to amend the complaint to add a new claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pl.'s Response to Def's Renewed Mot. for Summ. J. in the Form of a Motion for Leave to Amend FOIA Complaint ("Resp."), ECF No. 31. For the following reasons, the Court will grant defendants' motion and deny plaintiff's motion.[1]

**1. Motion for Summary Judgment**

Notwithstanding plaintiff's concession, the Court has independently reviewed defendants' renewed summary judgment motion through the lens of Federal Rule of Civil Procedure 56 and finds summary judgment on the search issue to be warranted. *See Grimes v.*

---

[1] Also pending is plaintiff's Motion for Case Management Conference, ECF No. 34, which will be denied as moot.

1

*D.C.*, 794 F.3d 83, 95 (D.C. Cir. 2015) (" 'a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.' ") (quoting Griffith, J. concurring); Mem. Op. 1 at 4-6 (discussing legal standard); *cf.* Supp. Decl. of Kara Cain ¶¶ 3-16, ECF No. 28-1 (adequately describing the search terms and the methodology utilized and attesting that the "record systems searched were the only likely places to locate responsive records").

    **2. Motion to Amend**

Plaintiff has not "attach[ed], as an exhibit, a copy of the proposed pleading as amended," LCvR 15.1, which is reason enough to deny this motion. Regardless, "[a] district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). The gravamen of the proposed *Bivens* claim, to the extent intelligible, is that the prosecuting attorneys in plaintiff's criminal case acted without authority and "[s]uch *ultra vires* acts resulted in [plaintiff] being sentenced to 20 years incarceration . . . and [his] continued confinement under a deportation detainer once released from incarceration." Resp. at 3. Plaintiff's success on such claims would "necessarily imply the invalidity" of his conviction and sentence. *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam). Consequently, before bringing a *Bivens* action, plaintiff must first invalidate his conviction through a prior proceeding recognized in *Heck v. Humphrey*, 512 U.S. 477, 486-47 (1994), which nothing in this record suggests has occurred.

Because plaintiff's *Bivens* claim is "not cognizable unless and until he meets the requirements of *Heck*," *Harris*, 611 Fed. App'x at 2, amending the complaint would be futile. Further, where the amended complaint "would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be

denied." *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012) (quoting *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991) and citing *Nat'l Treasury Emps. Union v. Helfer*, 53 F.3d 1289, 1295 (D.C. Cir. 1995)).  The dissimilarity between a FOIA claim premised on the improper withholding of agency records and a *Bivens* claim premised on constitutional violations by a federal actor could not be more stark.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (explaining that *Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.").

## CONCLUSION

For the foregoing reasons, defendants' renewed motion for summary judgment is granted, and plaintiff's motion to amend the complaint is denied.[2]

        /s/
RUDOLPH CONTRERAS
United States District Judge

Date:  December 13, 2021

---

[2]   A final order accompanies this Memorandum Opinion.